**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **EBONNIE AMBROSE,** | |
| **Plaintiff,** | |
| v. | **1:16-cv-842-WSD** |
| **UNITED STATES DEPARTMENT OF EMPLOYMENT SECURITY, ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, MICROTEL INN AND SUITES BY WYNDHAM, GHG PERIMTER, and SUMMIT MANAGEMENT CORPORATION,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Ebonnie Ambrose's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

On March 15, 2016, Plaintiff, *pro se*, filed her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application").  On March 17, 2016, Magistrate Judge Alan J. Baverman granted [2] Plaintiff's Application, and forwarded

Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint [3] consists mostly of allegations regarding the hardships she suffered as a result of her unemployment. (See Compl. at 3-8). Plaintiff appears to seek unemployment benefits. She claims she was denied benefits "[f]ollowing in time [sic] a third subsequent attempt to be allowed proper and sufficient procedure before the Board of Review and its administrative law agents." (Id. at 1). Plaintiff does not identify the specific "Board of Review" with which she sought relief.

She claims her action arises from Defendants' "defective interpretation of Illinois Unemployment Insurance Act, Trade Act of 1974 and its amendments." (Id.). Plaintiff does not explain why the Illinois Unemployment Insurance Act applies, or why the "Illinois Department of Employment Security" is named as a Defendant.

The Complaint appears to allege that Plaintiff was an employee at the Microtel Inn in Dunwoody, Georgia. (Id. at 2). Plaintiff does not state that she was terminated from her employment at the Microtel, stating only that a "mutually beneficial employee/employer work relationship could not be recognized." (Id. at 3). Plaintiff claims "[t]he defendants are in possession of plaintiff's

2

livelihood, and they hold on to it until today.  Plaintiff has not received final

paycheck from previous employer.  She has filed case number 15MS011307 with

magistrate Court Fulton County, GA."  (Id. at 10).

## II.   DISCUSSION

### A.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the

court determines the action is frivolous or malicious or that it fails to state a claim

on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state

a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc.,

366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26,

28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  <u>Osahar v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    <u>Analysis</u>

The Court has reviewed Plaintiff's Complaint, and has determined that it does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a).  Plaintiff's Complaint does not contain a statement of the grounds for the Court's jurisdiction, does not explain why Illinois law applies, why the "Illinois Department of Employment Security" is named as a Defendant, or whether the Court has jurisdiction over the Illinois department.  It is also unclear from the face of the Complaint what relief Plaintiff seeks, and Plaintiff's allegations do not specify the claims she seeks to assert against each Defendant.

The Court requires Plaintiff to file an Amended Complaint, on or before April 29, 2016, that complies with Rule 8 of the Federal Rules of Civil Procedure. The Amended Complaint must identify the claims Plaintiff seeks to assert against each Defendant, the specific facts that support each claim, and a statement of the grounds for the court's jurisdiction over this action as well as over each Defendant.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before

April 29, 2016, an Amended Complaint that complies with Rule 8 of the Federal

Rules of Civil Procedure as specified in this Order.  Failure to comply with this

Order shall result in dismissal of this action pursuant to Local Rule 41.3(A)(2).


**SO ORDERED** this 14th day of April, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE