IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EBONNIE AMBROSE,

                Plaintiff,

v.

UNITED STATES DEPARTMENT
OF EMPLOYMENT SECURITY,
ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY,
MICROTEL INN AND SUITES BY
WYNDHAM, GHG PERIMTER,
and SUMMIT MANAGEMENT
CORPORATION,

                Defendants.

1:16-cv-842-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Ebonnie Ambrose's ("Plaintiff") Amended Complaint [5] pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    BACKGROUND

On March 15, 2016, Plaintiff, *pro se*, filed her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On March 17, 2016, Magistrate Judge Alan J. Baverman granted [2] Plaintiff's Application, and forwarded

Plaintiff's Complaint [3] to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint consists mostly of allegations regarding the hardships she suffered as a result of her unemployment. (See Compl. at 3-8). Plaintiff appears to seek unemployment benefits. She claims she was denied benefits "[f]ollowing in time [sic] a third subsequent attempt to be allowed proper and sufficient procedure before the Board of Review and its administrative law agents." (Id. at 1). Plaintiff does not identify the specific "Board of Review" with which she sought relief.

She claims her action arises from Defendants' "defective interpretation of Illinois Unemployment Insurance Act, Trade Act of 1974 and its amendments." (Id.). Plaintiff does not explain why the Illinois Unemployment Insurance Act applies, or why the "Illinois Department of Employment Security" is named as a Defendant.

The Complaint appears to allege that Plaintiff was an employee at the Microtel Inn in Dunwoody, Georgia ("Microtel"). (Id. at 2). Plaintiff does not state that she was terminated from her employment at the Microtel, stating only that a "mutually beneficial employee/employer work relationship could not be recognized." (Id. at 3). Plaintiff claims "[t]he defendants are in possession of

2

plaintiff's livelihood, and they hold on to it until today. Plaintiff has not received final paycheck from previous employer. She has filed case number 15MS011307 with magistrate Court Fulton County, GA." (Id. at 10).

On April 15, 2016, the Court entered an Order [4] requiring Plaintiff to file, on or before April 29, 2016, an Amended Complaint. The Court noted that, because Plaintiff's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, it was unclear what relief Plaintiff seeks and whether the Court has jurisdiction over this action. (See April 15, 2016, Order at 5).

On April 26, 2016, Plaintiff filed her Amended Complaint. In it, she clarifies that she is a resident of Illinois, and that a "representative from the Georgia Department of Labor provided [her] the suggestion/choice to initiate a claim for unemployment benefits in the state [she is] a resident . . ." (Am. Compl. at 1). She states she wrote to the "Illinois Department of Unemployment Securities Board of Review" and suggests that an administrative law judge was "assigned to this case." (Id. at 1, 2). Plaintiff also claims she filed a case "with magistrate Court Fulton County, GA." (Id. at 5).

Plaintiff does not claim she was fired from her job with Microtel, stating only that she "asked to not be treated with such dissonance [sic] like (a) a temporary staff from a staffing agency who is on call or (b) a slave who has no

3

choice in any work, roles, and no discussion is considered or allowed." (Id. at 3). She was asked by the Director of Operations "Do you want to just resign?" (Id. at 4). Regarding Microtel's alleged failure to pay Plaintiff's final paycheck, Plaintiff now alleges that she received her final paycheck but "ha[s] not cashed the sum amount . . ." and claims that the "mistake in [sic] my check is intentional." (Id.). Plaintiff appears to seek Illinois unemployment insurance benefits, and asserts that Microtel "held my check and made it incorrect." (Id. at 5).

## II.    DISCUSSION

### A.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth

5

Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    Analysis

Plaintiff's Complaint and Amended Complaint fail to provide a basis for the Court's jurisdiction over this action. The Illinois Unemployment Insurance Act provides:

> Any decision of the Board of Review . . . shall be reviewable only under and in accordance with the provisions of the Administrative Review Law, provided that judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act.

820 Ill. Comp. Stat. Ann. 405/1100. Jurisdiction to review the denial of benefits by the Illinois Board of Review thus rests with Illinois state courts, not with federal district courts. See Hopkins v. Airborne Express, No. 05 C 1622, 2005 WL 1498474, at *3 (N.D. Ill. June 21, 2005).[1] To the extent Plaintiff sought judicial

---

[1] To the extent Plaintiff seeks unemployment benefits in Georgia, Georgia law similarly provides that judicial review of the Georgia Board of Review's decision is appropriate in state court. See Shields v. Bellsouth Advertising and Pub. Co., Inc., 228 F.3d 1284, 1288 (11th Cir. 2000) (citing O.C.G.A. § 34-8-223).

6

review in Illinois state court and seeks reversal of those state court proceedings, the Court lacks subject matter jurisdiction to hear Plaintiff's claims.  See Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) (Rooker-Feldman doctrine "deprives us of jurisdiction" to "review and reject the judgments rendered in previous state court proceedings" challenging denial of unemployment benefits).[2]

Plaintiff does not plead any facts to support that any federal law applies or that any federal right has been violated.[3]  Diversity jurisdiction does not exist because Plaintiff does not allege—and it does not appear—that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).[4]  Plaintiff's remaining claims based on Microtel's alleged withholding of her final paycheck are, if anything, state law claims.  Where "no basis for original federal jurisdiction

---

[2]     Plaintiff seeks state unemployment insurance benefits, and the "United States Department of Employment Security" is not a proper party to this action.

[3]     As to her alleged termination, Plaintiff does not allege she was engaged in any protected labor activity, that she was a member of any protected class, or that she was terminated or retaliated against on the basis of any of the foregoing.  "Pursuant to O.C.G.A. § 34-7-1, an at-will employee generally may be terminated for any reason . . ."  Reilly v. Alcan Aluminum Corp., 528 S.E.2d 238, 239 (Ga. 2000).

[4]     The citizenship of the parties also does not appear to be diverse because Plaintiff, who claims she is a "resident" of Illinois, is not diverse with Defendant Illinois Department of Employment Security.  If Plaintiff is a citizen of Georgia, her citizenship is not diverse with Defendant Summit Management Corporation, which is a corporation that maintains its headquarters in Georgia.  (See http://summitmgmtcorp.com/company.php, last accessed May 4, 2016).

presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005) (citing 28 U.S.C. § 1367(c)); see also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002) (whether to continue to exercise supplemental jurisdiction is a decision that "should be and is vested in the sound discretion of the district court"). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and this action is dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 9th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE